Guadalupe GARCIA–DOMINGUEZ,
Petitioner–Appellant,

v.

Debbie MAHAFFEY, Warden,
Respondent–Appellee.

No. 01–6096.

United States Court of Appeals,
Tenth Circuit.

Aug. 15, 2001.

Before HENRY, BRISCOE, and
MURPHY, Circuit Judges.

ORDER AND JUDGMENT *

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f). The case is therefore submitted without oral argument.

Guadalupe Garcia–Dominguez, a state prisoner appearing pro se, seeks a certificate of appealability ("COA") in order to appeal the district court's denial of the habeas petition he filed pursuant to 28

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Mr. Garcia–Dominguez is serving three concurrent twenty-year sentences for lewd molestation, lewd proposals to a minor, and indecent exposure, after former convictions of two or more felonies. The district court dismissed Mr. Garcia–Dominguez's petition as untimely. We deny his request for a COA and dismiss the appeal.

Although we construe Mr. Garcia–Dominguez's complaint liberally because he is proceeding pro se, we will not act as his advocate. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). Mr. Garcia–Dominguez does not argue that his petition was timely, but claims that he is entitled to equitable tolling of the limitation provision in 28 U.S.C. § 2244(d), based on "an ignorance of the law created by the prison law library's denial of adequate access to [§ 2244(d)] for the three-year lapse between the time [his] direct appeal became final and [the time] his habeas petition was filed." Rec. doc. 13 at 2 (petitioner's objections to magistrate judge's report and recommendation). He alleges that he had "no notice" of the statute until March of 2000, when "the prison law library supervisor posted for the first time a photocopy of section 2244(d) on the prison law library bulletin board." *Id.*

Equitable tolling of AEDPA's one-year statute of limitations is available only "in rare and exceptional circumstances." *Gibson v.. Klinger,* 232 F.3d 799, 808 (10th Cir.2000) (quoting *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir.1998)). This could potentially include a lack of access to library materials. *See Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998) (considering claim of inadequate lack of access to statutes). In this case, however, Mr. Garcia–Dominguez acknowledges that a copy of the relevant statute was not unavailable in the library before this date, but merely kept in a reserved area from which inmates could check out materials on request. *See* Rec. doc. 13, at 3–4. This can hardly be described as the sort of extraordinary circumstance that warrants equitable tolling. *See Gibson,* 232 F.3d at 808 (equitable tolling appropriate, for example, in the case of actual innocence or a timely but defective filing); *cf. Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (holding, in the context of a 28 U.S.C. § 1983 claim, that an inmate must do more than establish that a prison library is "subpar in some theoretical sense").

In order to obtain a COA, an appellant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Garcia–Dominguez may make this showing by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions raised deserve further proceedings. *See Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Mr. Garcia–Dominguez has made no such showing and his request for a COA is therefore DENIED.

The district court denied Mr. Garcia–Dominguez leave to proceed in forma pauperis, and he renews his request before this court. Because he has failed to present a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised, *see McIntosh v. United States Parole Comm'n,* 115 F.3d 809, 812–13 (10th Cir.1997), our precedents require us to DENY his request to proceed in forma pauperis and DISMISS this appeal.